IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**DAVID ANDREW LEVINE,**

        Appellant,

v.                                         **CIVIL ACTION NO.: 3:22-CV-60 (GROH)**

**MARTIN P. SHEEHAN, Trustee
of the Bankruptcy Estate of Geostellar, Inc.,**

        Appellee.

**MEMORANDUM OPINION AND ORDER
DENYING IN PART APPELLEE'S MOTION TO DISMISS APPEAL**

Now before the Court is the Appellee's Motion to Dismiss Appeal. ECF No. 7. In its supporting memorandum, the Appellee argues that this Court lacks jurisdiction over this matter on appeal. ECF No. 8. The Appellant timely filed his Response [ECF No. 9], but the Appellee has not submitted a Reply, and the time do so has lapsed. Accordingly, the Appellee's motion is ripe for adjudication.

**I. Background**

On January 29, 2018, Geostellar, Inc., filed for Chapter 11 bankruptcy protection in the United States Bankruptcy Court for the Northern District of West Virginia, as docketed in case 3:18-bk-45. Four months later, the bankruptcy court converted Geostellar's case from a Chapter 11 to a Chapter 7 proceeding. After conversion, Martin P. Sheehan was designated as the Chapter 7 Trustee for Geostellar (hereinafter "Appellee").

The Appellee then initiated an adversary proceeding, ancillary to Geostellar's bankruptcy proceeding, against David A. Levine (hereinafter "Appellant") and Indeco Union[1] on May 20, 2019, docketed as 3:19-ap-24. This adversary proceeding underlies the instant appeal before this Court. In the adversary proceeding below, the Appellant filed a Motion to Dismiss and Motion to Compel Arbitration. ECF No. 14-18. On March 21, 2022, the United States Bankruptcy Court for the Northern District of West Virginia entered a Memorandum Opinion and Order [ECF Nos. 14-23, 24] holding that the Appellee's amended complaint was not subject to either arbitration or dismissal.

The Appellant timely filed his Notice of Appeal [ECF No. 1], wherein he appeals from the bankruptcy court's March 21, 2022, decision. Shortly thereafter, the Appellee submitted a Motion to Dismiss Appeal. ECF No. 7. Therein, the Appellee asserts that this Court is without jurisdiction to adjudicate this appeal.

## II. Jurisdictional Analysis

It is well established that district courts act as appellate courts when an appeal is raised from a bankruptcy court's judgment, order, or decree. 28 U.S.C. § 158; Fed. R. Bankr. P. 8001(a); see, e.g., In re Deutchman, 192 F.3d 457, 459 (4th Cir. 1999). Generally, the bounds of a district court's appellate jurisdiction over rulings entered by a bankruptcy court are governed by 28 U.S.C. § 158(a). In full, 28 U.S.C. § 158(a) provides that

> the district courts of the United States shall have jurisdiction to hear appeals
>
>   (1) from final judgments, orders, and decrees;
>   (2) from interlocutory orders and decrees issued under section 1121(d) of title 11 increasing or reducing the time

---

[1] Indeco Union, a company owned by the Appellant, was terminated from the adversary proceeding on May 3, 2021, and thus is not a party to this appeal.

2

> periods referred to in section 1121 of such title; and
> (3) with leave of the court, from other interlocutory orders and decrees;
>
> of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title. An appeal under this subsection shall be taken only to the district court for the judicial district in which the bankruptcy judge is serving.

28 U.S.C. § 158(a).

Here, the Appellant appeals from a bankruptcy court order denying a motion to compel arbitration and, or alternatively, dismiss the adversary complaint. The Appellee argues that the bankruptcy court's order is not appealable under 28 U.S.C. § 158(a).

First, the Appellee asserts that the bankruptcy court's order is not final, so it is not appealable under the authority of subsection (1). To be "final," an order must "resolve the litigation, decide the merits, settle liability, establish damages, or determine the rights" of a party to the bankruptcy case. In re Looney, 823 F.2d 788, 790 (4th Cir. 1987). Indeed, this Court finds that the bankruptcy court's order is not final. An order denying compulsory arbitration and dismissal does not put an end to anything; quite the opposite, the order allows the proceeding to continue.

Next, the Appellee explains that the bankruptcy court's order does not implicate 11 U.S.C. § 1121(d), so the order is not appealable to this Court under subsection (2). Indeed, this Court finds that the bankruptcy court order does not adjudicate any issues related to 11 U.S.C. § 1121(d). Lastly, the Appellee notes the Appellant has neither asked for nor received leave of court to file an appeal. Upon review of the docket, this Court similarly finds that the Appellant has neither asked for nor received leave of court to file an appeal.

The Appellee would prefer our analysis stop there. However, the Appellant avers

that this appeal is properly before this Court pursuant to the Federal Arbitration Act ("FAA"). The FAA provides that "[a]n appeal may be taken from an order . . . denying an application under section 206 of this title to compel arbitration." 9 U.S.C. § 16(a)(1)(C). Section 206 of Title 9 governs orders to compel arbitration. In initiating this action, the Appellant appealed from an order denying its motion to compel arbitration.

However, the Appellee argues that the FAA does not allow a district court to hear an appeal of a bankruptcy court's decision pertaining to arbitration because the bankruptcy court is not a "court of the United States" as defined in 28 U.S.C. § 451. Section 451 defines a "court of the United States" to include "the Supreme Court of the United States, courts of appeals, district courts constituted by chapter 5 of this title, including the Court of International Trade and any court created by Act of Congress the judges of which are entitled to hold office during good behavior." 28 U.S.C. § 451. The Appellee avers that, because bankruptcy courts are not included in this definition, district courts lack jurisdiction to review decisions regarding arbitration made by bankruptcy courts.

The Appellee cites no legal authority stating this proposition, and this Court cannot find any. The Appellant rightfully highlights that 28 U.S.C. § 451 defines the term "court of the United States" only for use in that title section, which is Title 28 of the United States Code; the FAA is promulgated in Title 9 of the United States Code. The Appellee does not cite, and this Court cannot find, any legal precedent indicating that section 451's definition of court applies for the purpose of limiting the applicability of the FAA, or, most importantly, the purpose of limiting the reviewability of decisions regarding arbitration. Notably, the code section governing appeals of orders denying compulsory arbitration

does not use the phrase "court of the United States." See 9 U.S.C. § 16. In fact, the code section only refers broadly to "an order." Id. Thus, the Court finds no evidence that the reviewability of a bankruptcy court's order denying arbitration is statutorily limited. Further, this Court refuses to make the logical leap presented by the Appellee in the first instance.

Additionally, at no point does the Appellee argue that bankruptcy courts are prohibited from adjudicating motions for arbitration, and, indeed, the bankruptcy courts are not prohibited from doing so. See, e.g., Moses v. CashCall, Inc., 781 F.3d 63 (4th Cir. 2015) (analyzing, in-depth, the applicability of arbitration for core and noncore bankruptcy claims). It appears that the Appellee would allow bankruptcy courts to wield unfettered power when adjudicating motions for arbitration, as it argues that those decisions are beyond review. This would be an absurd result.

Therefore, this Court finds that it does have jurisdiction to hear the appeal raised herein by the Appellant. The FAA provides that "[a]n appeal may be taken from an order . . . denying an application under section 206 of this title to compel arbitration." 9 U.S.C. § 16(a)(1)(C). Section 206 of Title 9 governs orders to compel arbitration, and in initiating this action, the Appellant appealed from an order denying its motion to compel arbitration.

The Court finds no authority limiting the application of 9 U.S.C. § 16 to all federal courts except bankruptcy, as the Appellee suggests. Federal district courts across the nation frequently hear appeals of bankruptcy court determinations regarding arbitration. E.g., In re Anderson, 553 B.R. 221, 225 (S.D.N.Y. 2016), aff'd, 884 F.3d 382 (2d Cir. 2018) (addressing, on an appeal as of right, the bankruptcy court's decision to deny a motion to compel arbitration under the FAA); In re Startec Glob. Commc'ns Corp., 300 B.R. 244, 247 (D. Md. 2003) (adjudicating an appeal from an order in bankruptcy court

denying compulsory arbitration); see also Vanderbilt Mortg. & Fin., Inc. v. Lucas, No. 2:14-MC-00136, 2014 WL 4202647, at *1 (S.D.W. Va. Aug. 22, 2014) (adjudicating whether an appeal to the district court of a bankruptcy court's denial of a motion to compel arbitration results in an automatic stay of those bankruptcy court proceedings).

While the parties focus their filings on the bankruptcy's order as it pertains to its adjudication of the Appellant's motion to compel arbitration, the Court notes that the underlying motion was titled "Motion to Dismiss and Motion to Compel Arbitration." ECF Nos. 14-18, -19. In its supporting memorandum in the adversary proceeding, the Appellant moved both "*[i]n addition to* and in the alternative" to dismiss the adversary complaint for failure to state a claim. ECF No. 14-19 at 2 (emphasis added). The Appellant argued that the claims raised in the amended adversary complaint were "barred by gist of the action doctrine and economic loss doctrine." ECF No. 14-19 at 2.

Ordinarily, a denial of a motion to dismiss constitutes an interlocutory order that is not immediately appealable. See Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 546 (1949) ("Appeal gives the upper court a power of review, not one of intervention. So long as the matter remains open, unfinished or inconclusive, there may be no intrusion by appeal."). As noted above, the bankruptcy court's order is not final. An order denying dismissal does not put an end to anything; quite the opposite, the order allows the proceeding to continue. Additionally, the Appellant has not moved for leave of court to appeal from another interlocutory order.

Although raised together in one motion, this Court finds that the Appellant's argument for arbitration and his argument for failure to state a claim are separate and distinct. Similarly, even though the bankruptcy court's order denies compulsory arbitration

6

and dismissal in one order, this Court finds that the bankruptcy court applied a separate analysis for each. Therefore, this Court holds that the underlying denial of the Appellant's motion to dismiss constitutes an interlocutory order that is not immediately appealable. Accordingly, this Court is without jurisdiction to review the bankruptcy court's denial of dismissal. Because the parties have already briefed this appeal and included argument pertaining to the bankruptcy court's denial of dismissal for failure to state a claim, the Court will simply limit its forthcoming ruling on appeal to the issue of compulsory arbitration.

### III. Conclusion

For the aforementioned reasons, the Court **ORDERS** that the Appellee's Motion to Dismiss Appeal [ECF No. 7] be **DENIED IN PART**.

The Clerk of Court is **DIRECTED** to transmit a copy of this Order to all counsel of record herein and to United States Bankruptcy Court for the Northern District of West Virginia.

**DATED**: March 15, 2023

_____
GINA M. GROH
UNITED STATES DISTRICT JUDGE